FOURTH DEPARTMENT, MAY, 2000

(May 10, 2000)

■ NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v BUFFALO SEWER AUTHORITY, Appellant, et al., Defendants. [708 NYS2d 678] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying in its entirety the motion of Buffalo Sewer Authority (defendant) to compel discovery of documents alleged by plaintiff to be material prepared for litigation (see, CPLR 3101 [d] [2]) or protected by the attorney-client privilege (see, CPLR 3101 [b]; Rossi v Blue Cross & Blue Shield, 73 NY2d 588, 591-593). Upon reviewing each of the documents, we conclude that the following documents do not qualify for protection from discovery under either category: item (b) in exhibit C; items (e), (g), (i)

and (m) in exhibit D; items (f), (g), (h), (i), (j) and (m) in exhibit E; items (c), (g), (h) and (*l*) in exhibit F; items (b), (d), (f), (g), (h) and (i) in exhibit G; item (b), the November 14, 1984 letter in item (c), and items (g) and (h) in exhibit H; exhibit Z; and the notice of loss form and McDonnell note dated July 13, 1983 and attachment in exhibit BB. Thus, we modify the order by granting defendant's motion insofar as it seeks to compel discovery of those items. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.